**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**GREG SMITH,**

     **Plaintiff,**

**vs.**                                                  **Case No. 1:18cv38**

**NATIONAL LIABILITY AND FIRE INSURANCE**
**COMPANY,**

     **Defendant.**

**<u>NOTICE OF REMOVAL</u>**

Defendant National Liability & Fire Insurance Company ("National") hereby gives notice of the removal to this Court pursuant to 28 U.S.C. §§ 1441, and 1446, of the above-captioned action, formerly pending in the Second Judicial District Court for the County of Bernalillo, State of New Mexico, as No. D-202-CV-2017-08744.  National files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.  National bases this removal on the following grounds:

**I.        THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT**

On December 7, 2017, Plaintiff Greg Smith filed his "Petition for Declaratory Relief" in New Mexico State Court, naming National as Defendant.  A copy of the Complaint is attached to this Notice as Exhibit A.

On December 15, 2017, the Superintendent of Insurance accepted service on behalf of National.  *See* Exhibit B attached hereto.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of the date of service.

No responsive pleadings to the Complaint have been filed in the state court action.

National files this Notice of Removal with this Court, and is filing a copy of the Notice of Removal in the Second Judicial District Court of the State of New Mexico and serving a copy upon counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

II.     **BASIS FOR JURISDICTION UNDER 28 U.S.C. §§ 1332(a) AND 1441**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and National, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.  This action, therefore, may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a).

A.     **The Citizenship of the Parties Is Completely Diverse.**

According to the allegations of the Complaint, Plaintiff is a resident of New Mexico and therefore a citizen of New Mexico. Complaint, ¶ 1.

National is a Connecticut Corporation with its principal place of business in Nebraska. Complaint, ¶ 2.  National is thus a non-resident defendant for diversity purposes. *See* 28 U.S.C. § 1332 (c)(1).  The controversy between Plaintiff and National is therefore between citizens of different states.

B.     **The Amount in Controversy Exceeds $75,000.**

Additionally, the amount in controversy exceeds the sum or value of $75,000 required to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a).  In the Complaint, Plaintiff alleges that he was seriously injured after being hit while riding in a golf cart by an underinsured motorist during the course and scope of his employment with his employer.  Complaint, ¶¶ 8-9. Plaintiff claims that National wrongly denied him underinsured motorist ("UM") coverage under a policy issued to his employer.  Plaintiff claims that he has "suffered serious personal injuries including, but not limited to, shoulder and hip injuries, both of which required surgery" and that has "incurred substantial medical expenses, will need future care and will incur medical expenses as a result of such future care." Complaint, ¶ 11.

Plaintiff seeks declaratory relief demanding that he be permitted to pursue a UM claim under the policy issued to his employer, and seeks damages under the New Mexico Insurance Code for compensatory damages, punitive damages, attorneys' fees, and costs and interest.   In the Complaint, Plaintiff alleges that his "damages suffered . . . greatly exceed the [$100,000] policy limits of the GEICO policy issued to [the tortfeasor]."   Complaint, ¶¶ 12-13.

Furthermore, the policy issued by National to Plaintiff's employer provides UM coverage for scheduled vehicles in the amount of $250,000 pursuant to the limitations as set forth in the policy.  Complaint, Exhibit A.   Therefore, the amount that Plaintiff has placed in controversy plainly exceeds $75,000.

The Court in *McPhail* explained that the defendant has the initial burden to establish, by a preponderance of the evidence, "jurisdictional facts that ma[k]e it possible that $75,000 [i]s in play." *Id.* at 956 (emphasis added).  If the defendant makes such a showing, then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Id.* (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).  "If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id*.

Without in any manner passing on the merits of Plaintiff's claims, and only taking into account the relief that Plaintiff seeks, the Court can reasonably conclude that the amount in controversy could exceed $75,000.  "In a declaratory judgment action, the amount in controversy is measured by the value of the object of the litigation." *See City of Moore v. Atchison, Topeka, & Santa Fe Railway Co.*, 699 F.2d 507, 509 (10th Cir. 1983).

In other words, the amount in controversy is determined by ascertaining "the pecuniary effect an adverse declaration will have on either party to the lawsuit." *Id.*; *Oklahoma Retail Grocers Association v. Wal-Mart Stores, Inc.*, 605 F.2d 1155, 1160 (10th Cir. 1979); *Ronzio v. Denver & Rio Grande Western Railroad Co.*, 116 F.2d 604, 606 (10th Cir. 1940).In this case, the pecuniary effect of an adverse declaration to Plaintiff or National  exceeds $75,000.  The calculation of the amount in controversy also includes both compensatory and punitive damages. *See, e.g. Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1992).  Plaintiff's Complaint seeks unspecified compensatory damages, as well as punitive damages.  Complaint, ¶ 27, 32-33.  In a letter to National dated September 20, 2017, which is attached hereto as Exhibit C, Plaintiff's counsel claims that the golf cart injury has caused Plaintiff extensive damages resulting in a shoulder surgery and hip

surgery with a likely hip replacement surgery in the future.   Furthermore, Plaintiff's Complaint also requests attorneys' fees and costs. Complaint, ¶ 33.  The availability of attorneys' fees may be considered in determining whether the amount in controversy is met. *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337 (10th Cir. 1998); *Jamison v. State Farm Gen'l Ins. Co*., No. CIV 98-1004 BB/RLP mem. op. (D.N.M. Dec. 7, 1998) (denying remand of removed action because, in part, "Attorneys fees must be included when determining whether the amount in controversy exceeds the minimum jurisdictional amount for the invocation of federal jurisdiction") (citing *In re Abbott Lab*., 51 F.3d 524 (5th Cir. 1995)); *see also Miera v. Dairyland Insurance Co*., No. 96-0136-M, mem. op. (D.N.M. Feb. 28, 1996) (denying remand of removed action based on availability of attorneys' fees under New Mexico Unfair Claim Practice Act and Unfair Trade Practice Act).

The value of the object of litigation in Plaintiff's Complaint easily establishes that Plaintiff seeks to "put in play" an amount well in excess of $75,000.  Accordingly, National has satisfied the jurisdictional amount threshold.

WHEREFORE, Defendant National requests that this Court assume full jurisdiction over this case as provided by law.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Jennifer A. Noya*
    Jennifer A. Noya
    500 Fourth Street NW, Suite 1000
    Post Office Box 2168
    Albuquerque, New Mexico  87103-2168
    Telephone: 505.848.1800
    Facsimile: 505.848.1899

*Attorneys for Defendant*

4

WE HEREBY CERTIFY that on this <u>11</u><sup>th</sup> day of January 2018, we filed the foregoing Notice of Removal electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing and via U.S. Mail:

    David Berlin
    DUHIGG, CRONIN, SPRING
    & BERLIN, PA.
    P.O. Box 527
    Albuquerque, New Mexico  87103

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By:    */s/ Jennifer A. Noya*
    Jennifer A. Noya
*W3121224.DOCX*

5