# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/7/2017 3:45:50 PM
James A. Noel
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

GREG SMITH,

       Petitioner,

vs.                                         No. D-202-CV-2017-08744

NATIONAL LIABILITY AND FIRE INSURANCE
COMPANY, Insurance Company Domiciled In The State
Of Connecticut,

       Respondent.

## PETITION FOR DECLARATORY RELIEF

COMES NOW the Plaintiff Greg Smith, by and through his attorneys of record, Duhigg, Cronin, Spring & Berlin, P.A. (David M. Berlin), and hereby submits this Petition against Respondent National Liability and Fire Insurance Company, seeking Declaratory Judgment that Respondent issued a Business Auto Policy which provides underinsured motorist coverage for injuries and damages sustained by Petitioner in a work related incident that occurred on February 25, 2016. As grounds for this relief, Petitioner states as follows:

### INTRODUCTION

1. At all times hereinafter mentioned, Petitioner Greg Smith is a resident of the City Albuquerque, Bernalillo County, New Mexico.

2. Upon information and belief and, at all times hereinafter mentioned, Respondent National Liability and Fire Insurance Company (Respondent) is a corporation domiciled in Stamford, Connecticut.

3. Upon information and belief, and at all times hereinafter relevant, Respondent NLFIC is licensed to issue insurance policies, including Business Auto Insurance policies with

provisions for uninsured and underinsured motorist coverage, to entities in the State of New Mexico.

4. At all times hereinafter mentioned, Petitioner Greg Smith was employed by Nunnally Nehss Family Limited Partnership d/b/a Northeast Heights Self Storage/ Side Storage, LLC/West Mesa Self Storage, hereinafter referred to as Employer.

5. Respondent had issued a Business Auto Policy, Policy Number 73APR 329175 to Employer for the policy period of December 5, 2015 through December 5, 2016. The aforementioned insurers contract is hereinafter called the Policy and is attached to this Petition as Exhibit 1.

6. Upon information and belief, the Policy provided coverage, including uninsured and underinsured motorist coverage for employees of Employer who were injured in the course and scope of their employment with Employer, as a result of the negligence of an uninsured or underinsured motorist.

7. Upon information and belief, the Policy would provide uninsured or underinsured motorist coverage for Petitioner if he were to be injured during the applicable Policy period while in the course and scope of his employment with Employer through the negligence of an uninsured or underinsured motorist.

8. On February 25, 2016, Petitioner was injured while in the course and scope of his employment with the Employer as a result of the negligence of Michael Armstrong, hereinafter referred to as Armstrong.

9. Petitioner Greg Smith was riding in a golf cart provided by Employer at the time of the accident.

10. Armstrong's negligence was the sole cause of the accident on February 25, 2016, which injured Petitioner Greg Smith.

11. As a result of the negligence of Armstrong, Petitioner Smith suffered serious personal injuries including, but not limited to, shoulder and hip injuries, both of which required surgery. As a further result of the negligence of Armstrong, Petitioner has incurred substantial medical expenses, will need future care and will incur medical expenses as a result of such future care. Petitioner has also suffered a loss of past wages and may sustain future lost earnings. Further, Petitioner has experienced pain, suffering, disability and other damages as a direct and proximate result of the injuries suffered on February 25, 2016, in the accident caused by Armstrong.

12. Armstrong's automobile liability carrier, GEICO has tendered policy limits in the amount of $100,000.00 to settle Petitioner's claim with its insured.

13. Petitioner's damages suffered in the accident of February 25, 2016, greatly exceed the policy limits of the GEICO policy issued to Armstrong.

14. Since Petitioner Smith's damages exceed the aforementioned GEICO automobile liability policy limits, Armstrong was, at all times, hereinafter, relevant, an underinsured motorist pursuant to §66-5-301 (B) NMSA 1978.

15. Petitioner Smith has made a formal demand to Respondent that it agree to arbitrate his claim for underinsured motorist coverage. Respondent has refused to arbitrate this matter or authorize Petitioner to accept the policy limits offered by GEICO and then pursue underinsured motorist benefits from Respondent.

16. This action is filed pursuant to §44-6-1 et seq. (1978) in that Petitioner Smith, pursuant to §44-6-5 (1978), seeks a declaratory judgment that: (1) The Policy, which is a

3

contract, be construed in a manner which provides underinsured motorist coverage to Petitioner for injuries sustained in the accident of February 25, 2016 and (2) that the Court award such other damages, including punitive damages for bad faith and a willful breach of its contract.

17. This Court has jurisdiction over the subject matter and parties to this action.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment Against Respondent)

18. Petitioner repeats and realleges each and every allegation set forth above as if provided herein, in full.

19. Petitioner sustained substantial damages sustained in the accident of February 25, 2016, as a result of the negligence of Armstrong, and sought the policy limits of the GEICO policy issued to Armstrong. GEICO has tendered its policy limits of $100,000.00.

20. Petitioner's damages exceed the policy limits of the GEICO policy. Armstrong was, therefore, an underinsured motorist pursuant to §66-5-301 (B) (1978), and the terms of the Policy.

21. Demand has been made on behalf of Petitioner to Respondent NLFIC to authorize Petitioner to accept the policy limit offer made by GEICO and then arbitrate the underinsured motorist claim made by Petitioner against Respondent NLFIC.

22. Respondent, through its representative, Lisa Doughtery, has refused to authorize Petitioner to accept GEICO's policy limits and then pursue an underinsured motorist claim made by him against Respondent.

23. Respondent's refusal to authorize Petitioner to accept GEICO's offer of policy limits and then pursue the underinsured motorist claim constitutes a breach of statutory law as interpreted by the Courts of the State of New Mexico, and further, is a breach of the insurance contract referred herein as the Policy.

24. Respondent's refusal to authorize Petitioner to accept GEICO's offer of policy limits and then pursue the underinsured motorist claim constitutes a breach of public policy in the State of New Mexico.

25. Respondent's conduct is:

    a. Reckless in that Respondent has intentionally withheld its authorization to settle knowing that by doing so, it is depriving Petitioner of receipt of GEICO's policy limits;

    b. Dishonest judgment in that Respondent is failing to honestly and fairly balance its own interest with that of Petitioner, who is an insured under the terms of the Policy;

    c. Malicious conduct in that Respondent's refusal to authorize Petitioner to accept the GEICO policy limits and then seek underinsured motorist coverage is a wrongful act and Respondent has knowledge the act was wrongful;

    d. Willful conduct in that Respondent intentionally committed its wrongful act with the knowledge that harm may result; and

    e. Wanton conduct in that Respondent acted with utter indifference to or with conscious disregard for Petitioner's rights.

26. Petitioner Smith is entitled to judgment compelling Respondent NLFIC to authorize Petitioner to accept the GEICO policy limits and then arbitrate his underinsured motorist claim against it.

27. As the further result of Respondent's conduct, Petitioner is entitled to an award of punitive damages sufficient to punish such Respondent and to deter other similarly situated insurance companies from conducting themselves in a like matter.

5

WHEREFORE, Petitioner hereby demands Declaratory Judgment enabling Petitioner to accept the GEICO policy limits and then to pursue his underinsured motorist coverage against Respondent, and further for punitive damages in an amount sufficient to to punish the Respondent and to deter other similarly situated insurance companies from conducting themselves in a like matter, and finally, for costs of suit, interest from the date of Petitioner's first demand for underinsured motorist coverage and for such other relief the Court deems appropriate.

## SECOND CAUSE OF ACTION

28. Petitioner repeats and realleges each and every allegation set forth above, as if provided herein, in full.

29. Respondent conducted itself in a manner which violated §59A-16-20(A),(C),(E) and (G).

30. By selling Employer the Policy, including uninsured and underinsured motorist coverage, and then failing to comply with New Mexico law, public policy, and the terms of their contract, Respondent violated §59A-16-20, as set forth above. Furthermore, by refusing to make a reasonable offer to settle Petitioner's claim for underinsured motorist benefits when Respondent is legally obligated to provide such coverage to Petitioner, thereby, compelling Petitioner to file a lawsuit, Respondent has also violated §59A-16-20(G).

31. Petitioner has a private remedy against Respondent pursuant to §59A-16-30 NMSA (1978).

32. Petitioner is entitled to compensatory damages for the wrongful conduct of the Respondent.

6

33.     Petitioner is entitled to punitive damages, attorneys fees and costs pursuant to the Trade Practices and Frauds Act due to the wrongful conduct of the Respondent.

WHEREFORE Petitioner demands damages against Respondents, including compensatory damages, punitive damages, attorneys fees, costs and interest permissible by law.

> DUHIGG, CRONIN, SPRING & BERLIN, P.A.
> Attorneys for Plaintiff
> P.O. Box 527
> Albuquerque, New Mexico 87103
> (505) 243-3751
>
> /s/ David M. Berlin